**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

FRANK ANTHONY,

                Plaintiff,

  -against-

CAPITAL ONE BANK NA (USA)

                Defendant.

-------------------------------------------------------------- X

Case No. 14-CV-02927-PGG-FM

Honorable Paul G Gardephe

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1/9/2015

**PLAINTIFF RESPONSE TO DEFENDANT OPPOSITION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES**

I. **INTRODUCTION**

The affirmative defenses listed in Capital One Bank NA (USA)'s answer to plaintiff complaint without a doubt fail to meet the standards of procedure for pleading affirmative defenses or give the plaintiff any reasonable notice. Capital One failed to comply with Fed. R. Civ. P. 12 in refusing to file an answer to the amended complaint until being ordered to do so by the court (See Doc 27). Defendant attempts to mislead and sway the court by omitting pertinent parts of the authority cited and assumptive standard applied in the S.D.N.Y. and 2nd Circuit. The record reflects The First Amended Complaint filed with factual allegations with dispositive exhibits and defendants answer that: 1 there is no question of fact that might allow the defense to succeed; 2; there is not substantial question of law, the resolution of which would allow the defense to succeed and, 3 plaintiff show prejudice if the defense is allowed to stand. *"Microsoft Corp. v. PTI, INC., No. 01-cv-2018, 2003 WL 21406291.*

II. **THE STANDARD OF REVIEW REBUTTAL**

The opposition's claim of being compliant with rule 8c is predicated on a gross generalization of the standard to strike affirmative defenses in The Southern District of New York and 2nd Circuit. In their opposition defendant omits from the authority used; "Neither the Second Circuit nor any other Circuit Court of Appeals has ruled on the applicability of the Twombly/Iqbal standard to affirmative defenses. District courts within this Circuit within the circuit are divided on the applicability of the Twombly/Iqbal standard to affirmative defenses". *Tardif v. City of New York, 302 F.R.D 31, 33-34 (S.D.N.Y 2014).* Furthermore, (This court finds that Twombly applies here at least to emphasize the importance of providing plaintiff with fair notice, buttstressed by sufficient facts, of the affirmative defenses that the defendant intends to assert; thus allowing the plaintiff an opportunity to knowledgably respond. *Tardif v. City of New York, 302 F.R.D 31 33-34 (S.D.N.Y. 2014)* Capital One failed to even buttress their affirmative defenses with 1 fact.

These courts concluded that the Iqbal/Twombly pleading standard applies to pleading affirmative defenses. See *EEOC v Kelley Drye & Warren, LLP, 2011 U.S Dist. LEXIS 80667, at *4-6 15 (S.D.N.Y July 2011)(Sawin, J); Tract v NVR, Inc., 2011 U.S Dist. LEXIS 90778, at *29-30 (W.D.N.Y Sept. 30 2009)(Payson, M.J.)(Report basis of the Report & Recommendation, 667 F. Supp. 2d. 244, 247 (W.D.N.Y 2009)(Larimer, J.); Aspex Eyewear, Inc v. Clariti Eyewear, Inc., 531 F. Supp. 2d 620 (S.D.N.Y. 2008) (Chin, J.)*

Also, Defendants assert that "Plaintiffs' claims are barred by estoppel". (Kmart Ans. at 24; SHC Ans. at 23; 24 Seven Ans. at 14.) The pleadings, however, are void of any facts supporting a defense of estoppel. There is no indication that the Defendants relied, to their detriment 427*427 or otherwise, on any conduct by the Plaintiffs. Thus, there is no question of fact or law that might allow an estoppel defense to succeed and the defense is therefore

insufficient as a matter of law. *Coach, Inc. v. Kmart Corporations, 756 F. Supp. 2d 421 - Dist. Court, SD New York 2010.* On the other hand, as courts in this district have explained conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims. *See e.g., Obabueki v. Int'l Bus. Machs. Corp., 145 F.Supp.2d 371, 401 (S.D.N.Y.2001)* (striking unclean hands defense explaining that pleading the words "unclean hands" without more offered the plaintiff no indication about how the doctrine would bar his claims.

For **emphasis** the standard used in December 2014 in S.D.N.Y., (stating that motions to strike an affirmative defense should be granted if "(1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law, the resolution of which would allow the defense to succeed and (3) plaintiff shows prejudice if the defense is allowed to stand" (internal quotation marks omitted). Among other things, allowing the defense to move forward "would expand the length and scope of the trial," *Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425-26 (S.D.N.Y. 2010); see United States v. Manhattan-Westchester Medical Servs., PC, No. 06-CV-7905 (WHP), 2008 WL 241079, at *3 (S.D.N.Y. Jan. 28, 2008),* even if, as Defendants contend, some of the same evidence may be admissible for other purposes on time. *Broadspring, Inc. v. Congoo, LLC, 2014 U.S. Dist. LEXIS 177838 (S.D.N.Y. Dec. 29, 2014).*

### III. <u>PLAINTIFF MEETS BURDEN TO STRIKE DEFENSES</u>

Looking at the undisputed facts on the record as its stands for just the TCPA & FCRA causes of action; the affirmative defenses fail as a matter of law. The scope of the complaint is clear that plaintiff brings action for Capital One's conduct in 2014 (¶1-2 Doc. 23 pg.1). As to the facts, let's use allegation (¶ 14 Doc. 23 pg.3) in the complaint which alleges that "Capital One is a servicer of the account ending in 3616, Capital one has restricted and closed the account and

capital one would cease all communication" The exhibit provided says "including phone calls" (See Doc. 23 Pg. 21- Exhibit B). Defendant's response was "the allegations in reference documents that speak for themselves." (¶14 Doc. 28 Pg.2) Record solidifies that defendant did not have prior express consent and openly states that date all communication would cease in response to letter sent by plaintiff. See allegation (¶ 81-85 Doc. 23 Pg.10-11) in First Amended Complaint and exhibits referenced show Capital One made 27 harassing calls using an ATDS/ pre-recorded voices to plaintiff cell phone without express consent for non-emergency purposes in March and April 2014. Defendant again pleaded "the allegations in reference documents that speak for themselves (¶ 81-85 Doc. 28 Pg.6)." There is nothing factually or legally left to speculate as the phone calls are willful given the cease and desist in effect as of December 2013.

Plaintiff alleged Capital One inaccurately reported the account 3616 was closed by the plaintiff.to Experian and Transunion on Jan 8th 2014 See Exhibit D (¶19 Doc. 23 Pg. 4 and Exhibit D pg. 31). Defendant denied this allegation (¶19 Doc. 28 Pg. 3). The denial is a lie on the court record, as the letter referenced (¶ 14 Doc.23 pg.3 and Pg. 21- Exhibit B), says "As of December 9.2013 the account has been permanently restricted and closed" verifying that Capital One closed the account after plaintiff sent a dispute letter and interrogatives regarding the account. Furthermore the credit reports in Doc. 23 Page. 31 and 32 both have comment/remarks account closed at consumer's request which is inaccurate. Plaintiff's denial is factually false.

As a point of reference for this motion plaintiff plead "In letters dated June 12th & 14th 2014 for the account ending 0070; Capital One conceded the plaintiff's personal information was compromised, disputes were valid, and deleted the account despite their non-compliant conduct to the aforementioned consumer protection laws. See Exhibit A (2 Letters) more than 60 days after initially being disputed (¶2 Doc. 23 Pg.1)". Defendant pleads "The allegations in reference

documents that speak for themselves (¶2 Doc. 28 Pg.1). There is nothing left to speculate and its clear plaintiff owes defendant nothing and information was compromised.

Plaintiff pleads that "Without notice defendant furnished a new account in default ending in 0070 on about April 1st 2014 to all CRA with an opening date of 2006 and credit limit of $1300" (¶28 Doc 23 Pg. 5). Capital One pleads to that allegation that "0070 is not "new" but is the same account with a different number" (¶28 Doc.28 Pg. 3). However the allegation in (¶39 Doc. 23 Pg.6) following up on the allegation (¶38 Doc. 23 Pg. 6) quotes exhibit G (Doc. 23 pg. 46- Exhibit G) of the complaint which states "your account had a zero balance, your account had a due date change, your account had recently been opened, and your account had already been closed with a zero balance". Defendant response to this averment was "The allegations in the paragraph reference documents that speak for themselves" (¶39 Doc. 28 Pg.4). Capital One pleads the allegation and contents of Exhibit G speak for themselves (¶39 Doc. 23 Pg.6 and pg. 46- Exhibit G) which contradict and disqualify defendants allegation "the Account- 0070 is not "new" but is the same account with a different number" (¶28 Doc.28 Pg. 3). Moreover that very document establishes the fact that -0070 was a new account.

In (¶ 34- 36 Doc. 23 Pg. 34) the complaint references documentation that lists the extent of investigation conducted by the defendant for the account ending -0070; which only verifying the name of plaintiff, social security number and address which fails as a matter of law to constitute as reasonable investigation. Defendant once again did not deny this allegation they stated "The allegation is this paragraph contains documents that speak for themselves (¶ 34-36 See Doc. 28). These are uncontested dispositive facts on the court record, supported by documentation furnished by Capital One and the Consumer Financial Protection Bureau to the

plaintiff. Given lack of fact or merit supporting the affirmative defenses asserted by Capital One there are no questions of fact or law that will allow for the defenses to succeed.

At this juncture, allowing the affirmative defenses to move forward would prejudice the plaintiff given time, scope, costs, even if as contend, some of the same evidence may be admissible for other purposes on time. *Broadspring, Inc. v. Congoo, LLC, 2014 U.S. Dist. LEXIS 177838 (S.D.N.Y. Dec. 29, 2014)*

## IV.   CONLCUSION

The plaintiff has established undisputed fact on the record as stated herein. To allow defendants meritless defenses would be extreme prejudice against the pro se plaintiff being as those the matter stated above establish there no question of fact that might allow the defense to succeed, there is no substantial question of law, the resolution of which would allow the defense to succeed and plaintiff shows prejudice if the defense is allowed to stand.

For the forgoing reason, Plaintiff respectfully request that the court grant Plaintiffs Motion to Strike Capital One affirmative defenses.

Dated: January 9th, 2015

RESPECTFULLY SUBMITTED

BY: _____

FRANK ANTHONY, pro se plaintiff

Frank J Anthony
81-83 Rivington St Apt 2c
New York, NY 10002

RECEIVED
2015 JAN -9 P 3:29
U.S DISTRICT COURT SDNY

RECEIVED
PRO SE OFFICE
2015 JAN 12 A 11:39



United States District Court
Of the Southern District of New York
Pro Se Intake Unit
Daniel Patrick Moynihan
500 Pearl Street, Room 200
New York, NY 10007